[Civ. No. 39264. Second Dist., Div. Four. June 20, 1972.]

Estate of RUTH R. KINGMAN, Deceased.
HOUSTON I. FLOURNOY, as State Controller,
Petitioner and Appellant, v.
SUSAN FELAT, as Executrix, etc., et al., Objectors and Respondents.

## COUNSEL

Myron Siedorf, Walter H. Miller and Robert J. Hansen for Petitioner and Appellant.

Hastings, Blanchard & Hastings and Robert G. Blanchard for Objectors and Respondents.

## OPINION

**JEFFERSON, J.**—Houston I. Flournoy, State Controller, appeals from an order of the trial court sustaining the objections of Susan Felat, executrix, and Security Pacific National Bank, trustee, in respect to the determination of inheritance tax due in regard to the estate of Ruth R. Kingman, deceased.

Ruth R. Kingman (hereinafter referred to as the decedent) died testate

on or about May 6, 1970, a resident of Los Angeles County. Her small probate estate passed to Susan Felat and the tax applicable thereto is not at issue herein. However, the decedent was also the life beneficiary of a testamentary trust established by the will of her predeceased husband, Walter R. Kingman, who died on November 25, 1954, then also a resident of Los Angeles County. Security Pacific National Bank was at that time established as and continues to be trustee of the testamentary trust pursuant to Walter R. Kingman's will.

■ Walter R. Kingman bequeathed all the community property remaining at his death, both his own share and that of his wife (decedent herein) in trust to Security Pacific National Bank subject to the exercise of his wife's election to take her separate share outright or to take a life estate in the entire community subject to the trust under his will. Decedent elected to take under his will, thereby placing her share of the community property in trust; accordingly, distribution of the entire estate was made to the trustee bank.

The report of the inheritance tax appraiser in the Walter R. Kingman estate assessed inheritance tax to the remaindermen named in the trust of the Kingman property thus established, in conformity with the policy then followed by the State Controller, in the total amount of $2,076.07. No objection was made to this report and the court made its order determining inheritance tax in accordance with the inheritance tax appraiser's report. The inheritance tax thus computed was based on the transfer to the remaindermen of the total value of the remainders in the community property interest of the present decedent as well as in the community property interest of Walter R. Kingman.

Upon the death of the present decedent the inheritance tax appraiser filed his report with the court assessing a tax on the small probate estate transferred to Susan Felat and a tax on the portion of the Kingman property passing to the remaindermen, the same as those named before. However, in so doing, the inheritance tax appraiser computed the total tax and made an adjustment to take into consideration the difference due to recomputation of the tax originally made in the Walter R. Kingman estate. This method of computation was based on the principles enunciated in a decision of the Court of Appeal rendered May 19, 1965, subsequent to the distribution of the Walter R. Kingman estate. (*Estate of Carson,* 234 Cal.App.2d 516 [44 Cal.Rptr. 360].)

The respondent executrix and trustee bank filed objections to the portion of the inheritance tax appraiser's report which assessed a tax to the remaindermen's interests. The trial court sustained those objections and

concluded that no tax was presently due and payable in regard to those interests.

The sole issue on this appeal is whether the levying of an inheritance tax on the interests of the remaindermen in the one-half of the community property of the decedent can be sustained once the total value of these interests have been taxed in earlier probate proceedings upon the death of the first spouse pursuant to what the parties then believed to be the applicable law.

The decision in the *Estate of Carson, supra,* appears to be controlling. The Court of Appeal therein concluded that only the interest of the deceased husband passing to the remainderman could be taxed at his death. Such interests as the remainderman might subsequently receive with respect to the wife's share of the community did not pass by the husband's will, but by the wife's voluntary and affirmative act of election which could not be considered to relate back to the time of her husband's death for purposes of inheritance tax computation. The relevant sections 13551 and 13552 of the Revenue and Taxation Code are unchanged. Accordingly, the one-half of the remaindermen's interests which represented the surviving wife's (the present decedent's) interest in the community should not have been subject to tax at Walter Kingman's death. Such interests were properly taxable at the death of Ruth Kingman.

The period provided by law within which a claim for refund or any other action to recover taxes erroneously paid in the estate of Walter R. Kingman had expired by the time Ruth Kingman's estate was subject to probate, and there was no means available whereby such overpayment could then be recovered. The report of the inheritance tax appraiser found a total tax due on the remaindermen's interests of $3,602.50 and proposed a credit against that amount of the sum of $1,408.55 as "Difference in Recomputation of Walter R. Kingman Report."

Contrary to the conclusion of the trial court, the recomputation does not result in double taxation prohibited by the California Constitution (art. XIII, § 1). Nor is the doctrine of estoppel, which the trial court applied, applicable to the office of the State Controller in the present case.

■ "[O]rdinarily in the collecting of taxes the government cannot be estopped from collecting taxes because of an erroneous ruling of an administrative official. The true rule in this respect would appear to be that the taxpayer will be assessed only for the amount he would have paid originally, had the administrative ruling been correct." (*Burhans* v. *County of Kern,* 170 Cal.App.2d 218, 226 [338 P.2d 546].)

The imposition of an inheritance tax upon the transfers which occurred upon the death of Ruth R. Kingman was separate and distinct from the earlier imposition of an inheritance tax upon the death of Walter R. Kingman. The fact that a mistake was made in determining the amount due on the earlier occasion does not bar the collection of the amount now found to be due upon the death of Ruth.

The order appealed from is reversed with directions for the trial court to enter its order affirming the report of the inheritance tax appraiser.

Files, P. J., and Irwin, J.,* concurred.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.